UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARCUS ROGERS,

Plaintiff,

-against-

THE STATE OF NEW YORK et al.,

Defendants.

1:26-CV-3964 (JMF)

ORDER OF SERVICE

JESSE M. FURMAN, United States District Judge:

Plaintiff Marcus Rogers, who is currently incarcerated in the Green Haven Correctional Facility, brings this action *pro se,* asserting claims for damages for alleged violations of his federal constitution rights under 42 U.S.C. § 1983. His claims arise from events alleged to have occurred while he was held in the West Facility ("WF") and in the North Infirmary Command ("NIC"), which are both New York City Department of Correction ("DOC") jails on Rikers Island. He sues: (1) the State of New York; (2) Correction Officer Fu; (3) Correction Captain Battle; and (4) "Nurse A.K.A. Ms. A."("Ms. A."), who appears to be a nurse assigned to the NIC.[1] The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under Section 1983, as well as claims under state law.

By order dated May 26, 2026, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2] For the reasons set forth in this order, the Court drops the State of New York as a Defendant, and adds the City of New York, unidentified "John Doe" and "Jane Doe" WF Nursing Staff Defendants, and an unidentified "Jane Doe"

---

[1]     Plaintiff asserts claims against the individual Defendants in their individual and official capacities. (*See* ECF 1, at 2-3.)

[2]     Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

Correction Officer Defendant as Defendants in this action, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court requests that the City of New York, Correction Officer Fu, and Captain Battle waive service of summonses. The Court also directs that the City of New York, Correction Officer Fu, and Captain Battle comply with Local Civil Rule 33.2. The Court further directs the Corporation Counsel of the City of New York, as well as counsel for NYC Health + Hospitals ("H+H") and counsel for the Physician Affiliate Group of New York, P.C. ("PAGNY"), to provide Plaintiff and the Court with the identities, services addresses, and, if appropriate, badge numbers, of Ms. A., the unidentified "John Doe" and "Jane Doe" WF Nursing Staff Defendants, and the unidentified "Jane Doe" Correction Officer Defendant.

## DISCUSSION

### A.  Rule 21

Under Rule 21, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "In *pro se* actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant." *Hayes v. Westchester Med. Ctr.*, 7:25-CV-10273 (NSR), 2026 WL 412121, at *1 (S.D.N.Y. Feb. 13, 2026). A court can, under Rule 21, "add[] individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 1:25-CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 7:20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020)). This includes adding

2

unidentified individual defendants. *See, e.g.*, *Koulibaly v. City of New York*, 1:25-CV-7989 (KPF), 2025 WL 3268881, at *2-3 (S.D.N.Y. Nov. 20, 2025). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

In asserting official-capacity claims against Correction Officer Fu and Captain Battle, who are DOC officers, arising from events alleged to have occurred in the NIC, which is a DOC jail, it is clear that Plaintiff meant to assert claims against the City of New York, rather than the State of New York, because the DOC is an agency of the City of New York, not of the State of New York. In addition, Plaintiff mentions, in his complaint: (1) the alleged inaction of unidentified nursing staff assigned to the WF on November 7, 2024, with respect to his attempts to seek medical attention on that date; and (2) the alleged failure of an unidentified Correction Officer, assigned to the NIC on February 24, 2025, to protect him and her injuring of him on that date. (ECF 1, at 17, 19-20.) Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to drop the State of New York as a Defendant in this action and to add the City of New York, unidentified "John Doe" and "Jane Doe" Nursing Staff Defendants, and an unidentified "Jane Doe" Correction Officer Defendants as Defendants in this action, under Rule 21. The addition of these Defendants in this action is without prejudice to any defenses that these Defendants may assert in this action.

## B. The City of New York, Correction Officer Fu, and Captain Battle

The Court directs the Clerk of Court to electronically notify the DOC and the New York City Law Department of this order. The Court requests that the City of New York, Correction

Officer Fu, and Captain Battle (Fu and Battle are assigned to the NIC) waive service of summonses and that the New York City Law Department respond as directed in the *Valentin* instructions discussed below.

## C.  Local and Individual Rules

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of entry of this order, the City of New York, Correction Officer Fu, and Captain Battle must serve responses to these standard discovery requests. In their responses, these Defendants must quote each request verbatim.[3]

**Moreover, all parties must familiarize themselves with the Court's Individual Rules and Practices in Civil *Pro Se* Cases, which are attached to this Order and available at https://nysd.uscourts.gov/judge/Furman.**

Pursuant to the Court's Individual Rules and Practices in Civil *Pro Se* Cases, a copy of which is attached to this Order, all communications with the Court by a *pro se* party — including the aforementioned letter — should be filed with the *Pro Se* Intake Unit by either (1) emailing the communication as an attachment in PDF format to Pro_Se_Filing@nysd.uscourts.gov (for instructions, see https://nysd.uscourts.gov/forms/instructions-filing-documents-email); or (2) mailing the communication to the *Pro Se* Intake Unit, Daniel Patrick Moynihan Courthouse, 500

---

[3]    If Plaintiff would like copies of these discovery requests before receiving these Defendants responses and does not have access to the website, he may request them from the court's Pro Se Intake Unit.

Pearl Street, New York, New York 10007.[4]  No documents or court filings should be sent directly to Chambers.  Copies of correspondence between a *pro se* party and counsel shall not be sent to the Court.

Because Plaintiff does not receive electronic service, counsel are required to serve Plaintiff with copies of documents filed with the Court and to file proof of such service.

## D.  Unidentified Defendants

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the court in identifying unidentified defendants and ascertaining their service addresses. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit H+H, PAGNY, and the DOC to identify the unidentified Defendants.[5] They include: (1) those members of the WF nursing staff assigned to the WF on November 7, 2024, who were notified of Plaintiff's requests for medical attention on that date and who examined Plaintiff on that date; and (2) the DOC Correction Officer assigned to monitor a specific new prisoner placed in the NIC's "Dorm D2C" on February 24, 2025, and who had to subdue that prisoner by using a chemical agent on that date. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, as well as counsel for H+H and counsel for PAGNY, must ascertain the identities, service addresses, and, if appropriate, badge numbers of the unidentified Defendants added to this action.[6] The Corporation Counsel, counsel for H+H, and counsel for

---

[4]     In the alternative, the Court's Individual Rules and Practices provide instructions for delivering communications to the *Pro Se* Intake Unit by hand.  Additionally, as noted in the Court's Individual Rules and Practices, a *pro se* party may move for leave to participate as an ECF filer; if granted leave, the *pro se* party can file documents on ECF.

[5]     H+H and PAGNY provide health care to prisoners in the DOC jails.

[6]     If the unidentified "Jane Doe" Correction Officer Defendant is a current or former DOC employee or official, the Corporation Counsel should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for actions

PAGNY must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as Defendants, providing their service addresses, and, if appropriate, providing at least the newly identified Correction Officer Defendant's badge number. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen it and, if necessary, issue an order directing service on the newly-identified individual health-care-provider Defendants, requesting that the newly identified Correction Officer Defendant waive service of a summons, and directing the newly identified Correction Officer Defendant to comply with Local Civil Rule 33.2.

## E.  City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil actions in this court.[7] Appointments can be scheduled by completing the CBJC's intake form. If Plaintiff is not able to complete this form, or if Plaintiff has questions about the form, Plaintiff should call (212) 382-4794. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order. To receive limited-scope assistance from the clinic, Plaintiff should make an

---

involving DOC Defendants, rather than by personal service at a DOC facility. If the unidentified "Jane Doe" Correction Officer Defendant is not a current or former DOC employee or official, but otherwise works or worked for the DOC, the Corporation Counsel must provide a residential address where the individual may be served.

[7]    The CBJC is a private organization that is not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

appointment by completing the CBJC's online intake form, located at

https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project.  The *Pro Se*

Law Clinic is not part of, or run by, the Court (and, among other things, therefore cannot accept

filings on behalf of the Court, which must still be made by any unrepresented party through the

*Pro Se* Intake Unit).

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package and a copy of this

Order to Plaintiff.

The Court drops the State of New York as a Defendant in this action, and directs the

Clerk of Court to add the City of New York, unidentified "John Doe" and "Jane Doe" WF

Nursing Staff Defendants, and an unidentified "Jane Doe" Correction Officer Defendant to this

action as Defendants, under Rule 21 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P.

21.

The Court also directs the Clerk of Court to electronically notify the New York City

Department of Correction and the New York City Law Department of this order. The Court

requests that the City of New York, Correction Officer Fu, and Captain Battle (Fu and Battle are

assigned to the North Infirmary Command on Rikers Island) waive service of summonses, and

directs that the New York City Law Department, counsel for H+H, and counsel for PAGNY

respond as directed in the *Valentin* instructions listed above.

The Court further directs the City of New York, Correction Officer Fu, and Captain Battle

to comply with Local Civil Rule 33.2 within 120 days of the date of entry of this order.

The Court additionally directs the Clerk of Court to mail a copy of this order and of the

complaint to the following addresses: (1) NYC Health + Hospitals, Office of Legal Affairs, 50

Water Street, 17th Floor, New York, New York 10004; and (2) Physician Affiliate Group of New York, P.C., 420 Lexington Avenue, Suite 1750, New York, New York 10170.

An amended complaint form, a CBJC informational flyer, and a CBJC limited scope legal assistance retainer agreement are attached to this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    July 2, 2026
          New York, New York

_____
          JESSE M. FURMAN
          United States District Judge

Revised: July 1, 2024

**INDIVIDUAL RULES AND PRACTICES IN CIVIL *PRO SE* CASES**
**Jesse M. Furman, United States District Judge**

**_Pro Se_ Office**
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 250
New York, NY 10007
(212) 805-0175
prose@nysd.uscourts.gov

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil cases involving *pro se* litigants (that is, litigants without counsel) before Judge Furman.**

1. **Communications with Chambers**

   A. **Telephone Calls by a *Pro Se* Party.** *Pro se* parties may not call the Court directly; any questions should be directed to the *Pro Se* Office at (212) 805-0175.

   B. **Written Communications By a *Pro Se* Party.** All communications with the Court by a *pro se* party should be in writing and delivered in person, mailed, or emailed to the *Pro Se* Office following the instructions in Paragraph 2(B) below. **No documents or court filings may be sent directly to Chambers.** Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (*e.g.*, if there is another *pro se* party in the case), a *pro se* party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of correspondence between a *pro se* party and opposing parties shall not be sent to the Court.

   C. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Furman's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-jesse-m-furman.

   D. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that

has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made *at least 48 hours* prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

## 2. Filing of Papers and Service

A. **Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated *pro se* parties are encouraged to consent to receive electronic service through the ECF System. To do so, a *pro se* party should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

B. **Papers Filed by a *Pro Se* Party.** A *pro se* party may file papers with the Court by:

  i. delivering them in person or mailing them to the *Pro Se* Office, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, Room 250, New York, New York 10007;

  ii. emailing them as an attachment in PDF format to prose@nysd.uscourts.gov, in which case the *pro se* party should follow the instructions contained in the April 1, 2020 Addendum to the Court's ECF Rules & Instructions, available at https://www.nysd.uscourts.gov/electronic-case-filing; or

  iii. filing them on the ECF System if the *pro se* party has filed a motion to participate in ECF (available at http://nysd.uscourts.gov/file/forms/motion-for-permission-for-electronic-case-filing-for-pro-se-cases and in the *Pro Se* Office) and been granted such permission by the Court.

C. **Service on a *Pro Se* Party.** Absent a *pro se* party consenting to receipt of electronic service, counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the *pro se* party was served will not be considered.

## 3. Discovery

All requests for discovery by a *pro se* party should be sent to counsel for the party from

2

whom discovery is sought.  Discovery requests should not be sent to the Court.

If there are any discovery disputes, the parties are required to confer with one another in an effort to resolve the dispute without the need for Court intervention.  If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference.  If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

4.  **Motions**

   A.  **Filing and Service.**  Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   B.  *Pro Se* **Notices.**  Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   C.  **Special Rule for Summary Judgment Motions.**  With respect to any deposition that is supplied, whether in whole or in part, in connection with a summary judgment motion, the index to the deposition should be included if it is available.

   D.  **No Courtesy Copies.**  Unless the Court orders otherwise, parties should **not** submit courtesy hard copies of any submissions in *pro se* cases.

   E.  **Oral Argument.**  Unless otherwise ordered by the Court, oral argument will not be heard in *pro se* matters.

5.  **Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case management conference within four months of the filing of the complaint.  The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the *pro se* party or parties.  Unless and until the Court orders otherwise, the conference will be held remotely by telephone using the Court's dedicated conference line, which can be access by calling (888) 363-4749 and then entering Access Code 542-1540, followed by the pound (#) key.  If any party wishes for the conference to be conducted in person or by videoconference, he or she should confer with all other parties and promptly file a letter to that effect with the Court.  The parties should consult the relevant scheduling order for additional information and guidance.

6. **Trial Documents**

   A. **Pretrial Statement.**  Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a *pro se* case shall file a concise, written Pretrial Statement.  This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff.  If *pro se*, the plaintiff shall file an original of this Statement with the *Pro Se* Office.  Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

   B. **Other Pretrial Filings.**  If the case is to be tried before only a Judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement.  If the case is to be tried before a jury, any parties represented by counsel must also file proposed *voir dire* questions, a proposed jury charge, and a proposed verdict form at the time of filing the Pretrial Statement.  At the time of filing, a represented party should e-mail these documents to the Court (Furman_NYSDChambers@nysd. uscourts.gov), in both .pdf and Microsoft Word formats.  The *pro se* party may file such documents, but is not required to do so and need not submit them by e-mail.

7. *Pro Se* **Clinic**

There is a *Pro Se* Law Clinic in this District to assist parties in civil cases who do not have lawyers.  The Clinic may be able to provide a *pro se* litigant with advice in connection with his or her case.  The *Pro Se* Law Clinic is run by a private organization; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the *Pro Se* Intake Unit).  The Clinic is located in the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York, in Room LL22, which is just inside the Pearl Street entrance to that Courthouse.  Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed.  An unrepresented party can make an appointment by visiting the Clinic's website at https://www.nysd.uscourts.gov/attorney/legal-assistance or by calling (212) 659-6190.

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  □ Yes      □ No

(check one)

___ Civ. _____ (    )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____

Current Institution_____

Address_____

_____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

*Rev. 01/2010*                                                              1

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

**II.      Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.      Where in the institution did the events giving rise to your claim(s) occur?

_____

C.      What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.      Facts:_____

What
happened
to you?

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

*Rev. 01/2010*                                3

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?
_____

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.    Which claim(s) in this complaint did you grieve?
_____

_____

2.    What was the result, if any?
_____

_____

3.    What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____
_____
_____
_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:
_____
_____

_____

*Rev. 01/2010*                                      4

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.
_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.    Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____

_____

_____

_____

_____

_____

_____

_____

*Rev. 01/2010*                                    5

_____

_____

_____

**VI.    Previous lawsuits:**

<table>
<tr><td valign="top">**On these claims**</td><td></td></tr>
</table>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

<table>
<tr><td valign="top">**On other claims**</td><td></td></tr>
</table>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____    No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

*Rev. 01/2010*                                 6

6.    Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Inmate Number    _____

Institution Address    _____

_____

_____

_____

Note:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:    _____

*Rev. 01/2010*                                                                 7

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT

in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse**
**CBJC Pro Se Legal Assistance Project**
**40 Foley Sq LL22**
**New York, NY 10007.**



Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

 **CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## <u>LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT</u>

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I.    LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II.    FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III.    TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV.    COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V.    CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI.    REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____        _____
Signature                                                                          Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

 **CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____   Date of Birth: _____

Facility: _____   Identification # _____

**How did you hear about our clinic? (circle one)**

Pro Se Intake Office        Website                Conference/Hearing with the Judge

Pro Se Information Package   Friend/Family          Order/Letter from the Judge

Other: _____

**Do you already have an open case with the federal court? (circle one)**        Yes        No

**If yes, what is your case number?** _____

**If yes, which courthouse is it in? (circle one)**        Manhattan        White Plains

**Ethnicity? (circle one)**

Asian/Pacific Islander      Hispanic               Caucasian

Black                       Middle Eastern         Decline to answer

African                     Caribbean              Other: _____

Native American             South Asian

**Gender?** _____

**Education level? (circle one)**

8th grade or less           GED                    2-4 years of college/vocational school

Some high school            College graduate       Decline to answer

High school graduate        Graduate degree

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**

 **CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.)        Naturalized U.S. citizen        Legal Permanent Resident

(Born in:_____)

No lawful status        Decline to answer        Other:_____

**Marital status? (circle one)**

Single                    Married

Divorced                  Separated

Widowed                   Decline to answer

**Do you have a disability? (circle all that apply)**

No                        Mental health            Vision

Hearing                   Mobility                 Memory

Homebound                 Decline to answer        Other:_____

**What is your primary language?** _____

**LGBTQ+? (circle one)**        Yes        No        Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**