**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**KAVIN THADANI**
*Senior Counsel*
phone: (212) 356-2351
fax: (212) 356-3509
kthadani@law.nyc.gov

October 30, 2026

**By ECF**
The Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: Rogers v. The State of New York, et al.,
26 Civ. 3964 (JMF)

Your Honor:

I represent defendant the City of New York ("City") in the above-referenced matter.[1] The City writes to respectfully request (i) that the Court hold in abeyance the City's obligation to answer or otherwise respond to the Complaint pending the filing of the forthcoming Amended Complaint, with the City's deadline to respond extended to twenty-one (21) days after plaintiff files the Amended Complaint; (ii) a corresponding abeyance of defendants Battle and Fu's obligation to answer or otherwise respond to the Complaint; (iii) an extension of time for the City to serve responses to court-ordered discovery requests pursuant to Local Civil Rule 33.2 until thirty (30) days after the City responds to plaintiff's forthcoming Amended Complaint; and (iv) a corresponding extension of time for defendants' Battle and Fu's to serve their Rule 33.2 responses. This is the City's second such request regarding the abeyance and first such request regarding the Local Civil Rule 33.2 responses. The City was unable to ascertain plaintiff's position on these requests because, upon information and belief, plaintiff is currently housed at Green Haven Correctional Facility and they had no availability for legal calls in time for this request. The requested extension does not affect any other presently scheduled deadlines.

By way of relevant background, plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, violations of his federal constitutional rights

[1] This case has been assigned to Assistant Corporation Counsel Joanne Ling, who is not yet admitted to the Southern District of New York. Ms. Ling is handling this matter under my supervision and may be reached at (212) 356-3518 or jling@law.nyc.gov.

while he was in NYC Department of Correction ("DOC") custody at the West Facility ("WF") and in the North Infirmary Command ("NIC"). (ECF No. 1). On July 2, 2026, the Court directed this Office, counsel for New York City Health + Hospitals ("H+H"), and counsel for the Physician Affiliate Group of New York, P.C. ("PAGNY") to "provide Plaintiff and the Court with the identities, services addresses, and, if appropriate, badge numbers, of Ms. A., the unidentified 'John Doe' and 'Jane Doe' WF Nursing Staff Defendants, and the unidentified 'Jane Doe' Correction Officer Defendant." (ECF No. 7). Further, the Court ordered that, "[w]ithin 30 days of receiving this information, Plaintiff must file amended complaint naming the newly identified individuals as Defendants[.]" (Id.).

On August 31, 2026, this Office identified the unidentified WF Nursing Staff Defendants as "Registered Nurse C. Rutherford Williams," "PCA Kimberly Parker," and "Physician Assistant Achille Antoine." (ECF No. 21). Further, this Office requested an extension of time, from August 31, 2026, to October 15, 2026, to respond to the Court's Valentin Order because this Office was in the process of obtaining relevant documents and was still investigating the allegations in an attempt to ascertain the identity of the unidentified "Jane Doe" Correction Officer defendant. (Id.). On August 31, 2026, the Court granted the request. (ECF No. 22). On September 23, 2026, the City respectfully requested that the City's deadline to answer or otherwise respond to the Complaint be held in abeyance until plaintiff amended the Complaint, and a corresponding abeyance of defendants Battle and Fu's deadline to answer or otherwise respond. (ECF No. 23). On September 24, 2026, the Court granted the extension request holding that the "deadline for all Defendants to answer is hereby extended to the earlier of three weeks after Plaintiff files an amended complaint or November 2, 2026." (ECF No. 24). On October 19, 2026, this Office responded to the Court's Valentin Order, stating that "this Office is unable to identify the Jane Doe Correction Officer Defendant" because the investigation conducted by this Office revealed that on the date of incident the associated logbook and clinic injury report logbook do "not reflect the activity described by Plaintiff." (ECF No. 26). As such, the City respectfully requested that the Court "direct Plaintiff to provide further identifying information such as a physical description[], including height, build, and approximate age, of the Jane Doe Correction Officer[.]" (Id.).

On October 20, 2026, the Court granted the request and ordered plaintiff to "provide any and all additional identifying information within his knowledge" and that the "Corporation Counsel of the City of New York, who is the attorney for and agent of the DOC, as well as counsel for H+H and counsel for PAGNY, must ascertain the identities, service addresses, and, if appropriate, badge numbers of the unidentified Defendants and must provide this information to Plaintiff and the Court no later than 60 days after Plaintiff offers additional identifying information." (ECF No. 27). Furthermore, the Court ordered that "no later than 30 days after Plaintiff receives the ordered information from Corporation Counsel" he must "file an amended complaint[.]" (Id.).

The City respectfully requests that the Court hold in abeyance the City's obligation to answer or otherwise respond to the Complaint pending the filing of the forthcoming Amended Complaint, with the City's deadline to respond extended to twenty-one (21) days after plaintiff files the Amended Complaint. Pursuant to the Court's October 20, 2026, Order, plaintiff must file an Amended Complaint within thirty days of receiving the identity of the "Jane Doe Correction Officer Defendant." (ECF No. 27). The Amended Complaint will then "replace, not supplement,

the original complaint." (Id.). Thus, the City respectfully requests this abeyance in the interest of avoiding unnecessarily filing a response to a pleading that will soon become null and void.

Insofar as the Court grants the requested abeyance as to the City, this Office respectfully requests a corresponding abeyance of defendants Battle and Fu's obligation to answer or otherwise respond to the Complaint for the same reasons as discussed *supra*.

Furthermore, the City respectfully requests an extension of time for the City to serve responses to court-ordered discovery requests pursuant to Local Civil Rule 33.2 until thirty (30) days after the City responds to plaintiff's forthcoming Amended Complaint. The reason for the instant request is that Assistant Corporation Counsel Joanne Ling was recently assigned this matter following the departure of Assistant Corporation Counsel Caroline DiCostanza from the New York City Law Department. As such, Ms. Ling requires additional time to familiarize herself with the case. Additionally, in light of plaintiff's forthcoming Amended Complaint, which will replace, not supplement, the original Complaint, the additional time will allow this Office to make supplemental requests for documents that may be relevant to the allegations made in the amended complaint. Insofar as the Court grants the requested extension as to the City, this Office respectfully requests a corresponding extension for defendants' Battle and Fu to serve their responses.

Accordingly, defendant the City of New York respectfully requests (i) that the Court hold in abeyance the City's obligation to answer or otherwise respond to the Complaint pending the filing of the forthcoming Amended Complaint, with the City's deadline to respond extended to twenty-one (21) days after plaintiff files the Amended Complaint; (ii) a corresponding abeyance of defendants Fu and Battle's obligation to answer or otherwise respond to the Complaint; (iii) an extension of time for the City to serve responses to court-ordered discovery requests pursuant to Local Civil Rule 33.2 until thirty (30) days after the City responds to plaintiff's forthcoming Amended Complaint; and (iv) a corresponding extension of time for defendants' Battle and Fu to serve their Rule 33.2 responses.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ *Kavin Thadani*
Kavin Thadani
*Senior Counsel*

cc: **Via First-Class Mail**
Marcus Rogers
*Plaintiff* pro se
DIN: 25B0701
Green Haven C.F.
594 RTE 216
P.O. Box 4000
Stormville, NY 12582

Application GRANTED. The Clerk of Court is directed to terminate ECF No. 28 and to mail a copy of this endorsement to Plaintiff.

SO ORDERED.

November 2, 2026